UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY JAMES BUTCHER,

    Petitioner,

                                      Civil No: 03-60005
                                      Honorable Marianne O. Battani
                                      Magistrate Judge R. Steven Whalen

v.

THOMAS PHILLIPS,

    Respondent.

_____

## MEMORANDUM OPINION & ORDER DENYING
## PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

### I. INTRODUCTION

This matter is before the Court on Petitioner's, Barry James Butcher's, Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b). Respondent has not filed a responsive pleading. Petitioner was convicted of violating MCL §750.145d by using the internet or a computer to solicit another person to commit conduct proscribed under MCL §750.520d in which the victim or intended victim was a minor or was believed by the person soliciting the conduct to be a minor. Petitioner ultimately pled guilty to the above charge and was sentenced to fifty-one months to twenty years imprisonment. Petitioner challenged the legality of his conviction and filed a petition for habeas relief which was denied by this Court. Petitioner subsequently filed the Motion for Relief from Judgment which is presently before the Court.

### II. STATEMENT OF PROCEDURAL FACTS

This Court entered an order denying Petitioner habeas relief on March 23, 2004. On April 20, 2004, an Order was entered by this Court correcting the opinion and order denying habeas relief.

On April 21, 2004, Petitioner filed a motion for leave to appeal *in forma pauperis* as well as a motion for certificate of appealability. On the same day, Petitioner filed his Notice or Appeal with the Sixth Circuit. On July 9, 2004, Petitioner filed his Motion for Relief from Judgment. On July 13, 2004, this Court issued an opinion and order granting Petitioner's motion for leave to appeal *in forma pauperis*, but denying Petitioner's request for a certificate of appealability. On March 8, 2005, the Sixth Circuit likewise denied Petitioner's application for a certificate of appealbility.

### III.  APPLICABLE LAW & ANALYSIS

According to the above set forth chronology of filing events, Petitioner's Motion for Relief from Judgment was filed approximately three months after Petitioner filed his Notice of Appeal with the Sixth Circuit and four months after the entry of this Court's judgment denying habeas relief. The Sixth Circuit denied Petitioner's application for a certificate of appealability approximately eight months after his Motion for Relief from Judgment was filed and did not remand the case back to this Court.

Because Petitioner filed his Notice of Appeal prior to seeking relief from judgment, this Court no longer had jurisdiction over the matter. *See, Pittock v. Otis Elevator Co.,* 8 F.3d 325, 27 (6th Cir. 1993) ("[a]s a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal . . . "). Although this Court does retain jurisdiction to decide a timely filed Rule 60(b) motion, in the case at bar the Motion was filed approximately three months after the notice of appeal. *See Avery v. Nicol,* 208 F.3d 212, *1-2 (6th Cir. 2000) (holding district courts retain jurisdiction to resolve a Rule 60(b) motion filed no later than ten days after judgment because the motion tolls the time for appeal and renders ineffective the notice of appeal until the Rule 60(b) motion is resolved). The "traditional rule is that a timely appeal divests the district court of

2

jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals." *LSJ Inv. Co. Inc., v. O.L.D., Inc.,* 167 F.3d 320, 324 (6th Cir. 1999), quoting, *Pittock v. Otis Elevator Co.,* 8 F.3d at 327. As previously stated the Sixth Circuit did not order such a remand in this case.

The current Motion having been filed approximately four months after entry of judgment and approximately three months after Petitioner filed his Notice of Appeal, this Court did not have jurisdiction to decide Petitioner's Motion for Relief from Judgment at the time it was filed with this Court. *See also United States v. Moss,* 189 F.R.D. 354, 356 (E.D. Mich. 1999). Moreover, since the Sixth Circuit has already decided to deny Petitioner a certificate of appealability and did not remand the matter, this Court continues to have no jurisdiction. A ruling by this Court upon the Motion at this juncture would be moot.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that it had no jurisdiction to rule upon Petitioner's Motion for Relief from Judgment when it was initially filed and continues to have no jurisdiction as this matter was not remanded by the Sixth Circuit.

Accordingly,

IT IS HEREBY ORDERED that Petitioner's Motion for Relief from Judgment **[Docket No: 33-1, filed July 9, 2004]** is **DENIED.**

                                                    s/Marianne O. Battani
                                                    MARIANNE O. BATTANI
                                                    UNITED STATES DISTRICT JUDGE

DATED: August 26, 2005